[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12310
Non-Argument Calendar
_____

D. C. Docket No. 07-01555-CV-TWT-1

MICHAEL ANTHONY CAMPBELL,

Petitioner-Appellant,

versus

DALE HERDON,
in his official capacity as Warden of Walker State
Prison,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 9, 2008)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Michael Anthony Campbell, a Georgia prisoner serving a ten-year sentence for child molestation, appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The certificate of appealability (COA) in the present appeal concerns whether Campbell's trial counsel was ineffective for failing to object to inadmissible hearsay by an officer and school guidance counselor, as well as a video of the victim's interview with law enforcement. On appeal, Campbell argues his counsel was ineffective for failing to object to the testimonial hearsay statements and video.

We review *de novo* both the denial of a § 2254 petition, and claim of ineffective assistance of counsel. *Shere v. Sec., Florida Dep't of Corr.*, 537 F.3d 1304, 1309 (11th Cir. 2008). We review factual findings for clear error. *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2430 (2007). Our review of a district court's decision regarding a § 2254 petition is limited to the issues specified in the COA. 28 U.S.C. § 2253(c)(1)(A); *Id*.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2254 petition only may be granted when the state court's decision was (1) "'contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

2

(2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Shere*, 537 F.3d at 1309 (quoting 28 U.S.C. § 2254(d)) (alteration in original).  A state court decision contradicts clearly established federal law if it either (1) applied a rule that contradicts governing Supreme Court case law, or (2) arrived at a result different than a result reached by the Supreme Court on materially indistinguishable facts. *Grossman*, 466 F.3d at 1336.  An unreasonable application of clearly established federal law occurs if the state court identifies the correct Supreme Court case law to apply, but unreasonably applies it to the facts of the case.  *Id.*  A state court's factual findings are entitled to substantial deference.  *Id.* (citing to 28 U.S.C. § 2254(e)(1)).

To make a successful claim of ineffective assistance of counsel, a defendant must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984).  A court need not address both prongs if a defendant fails to establish one of the prongs.  *Id.* at 2069.  To establish prejudice, the defendant must demonstrate a reasonable probability exists that, but for counsel's ineffectiveness, the result of the case would have been different, and "[a] reasonable probability is

3

a probability sufficient to undermine confidence in the conviction." *Id.* at 2068. A strong presumption exists that counsel provided adequate assistance. *Id.* at 2065.

In *Crawford v. Washington*, 124 S. Ct. 1354, 1374 (2004), the Supreme Court held, under the Confrontation Clause, testimonial hearsay is inadmissible unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. The Court clarified, however, that the Confrontation Clause does not prohibit the use of prior testimonial statements when the declarant is available for cross-examination at trial. *Id.* at 1369 n.9.

Here, the victim testified at trial and was subject to cross-examination. Additionally, contrary to Campbell's argument, the Supreme Court did not limit its holding in *Crawford* to prior inconsistent statements. *Crawford*, 124 S. Ct. at 1369 n.9. Accordingly, the Georgia Court of Appeals' (GCA) application of *Strickland* to Campbell's ineffective assistance claim regarding the video of the victim's police interview was not objectively unreasonable. Although the GCA did not address Campbell's argument that his trial counsel was ineffective for failing to object to the guidance counselor's and officer's testimony, the district court did not err in finding Campbell failed to establish ineffective representation by not objecting to such testimony, as an objection would have been meritless because the

4

victim testified at trial. *Crawford*, 124 S. Ct. at 1369 n.9; *Strickland*, 104 S. Ct. at 2064. Accordingly, we affirm.

**AFFIRMED.**